```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MELISSA LANGLAIS, et al.       :    CIVIL ACTION
                               :
v.                             :
                               :
PENNMONT BENEFIT SERVICES,     :    NO. 11-5275
INC., et al.                   :
-------------------------------:
IN RE:  REAL VEBA TRUST        :
                               :    NO. 14-1484
-------------------------------:
IN RE:  SINGLE EMPLOYER        :
WELFARE BENEFIT PLAN TRUST     :
                               :    NO. 14-1486
-------------------------------:
IN RE:  PENN-MONT BENEFIT      :
SERVICES, INC.                 :
                               :    NO. 14-1487
```

ORDER

AND NOW, this 3rd day of April, 2014, upon consideration of the Expedited Renewed Motion for Relief from the Automatic Stay and Release of Funds filed by the petitioners in <u>Langlais, et al. v. PennMont Benefit Services, Inc., et al.</u>, and the above-captioned bankruptcy actions,[1] and the motion for relief from the automatic stay filed in the bankruptcy

---

[1] Docket #56 in No. 11-5275 (E.D. Pa.); Docket #47 in No. 13-21179 (Bankr. E.D. Pa.), transferred to No. 14-1484 (E.D. Pa.); Docket #39 in No. 13-21180 (Bankr. E.D. Pa.), transferred to No. 14-1486 (E.D. Pa.); Docket #45 in No. 13-21178 (Bankr. E.D. Pa.), transferred to No. 14-1487 (E.D. Pa.).

proceedings,[2] responses in opposition thereto, and following a hearing on March 24, 2014, for the reasons stated in the Court's Memorandum Opinion, IT IS HEREBY ORDERED that the <u>Langlais</u> petitioners' motions for relief from the automatic stay and for partial release of the supersedeas bond funds are GRANTED.  The bankruptcy stay is lifted and annulled with respect to the proceeding in <u>Langlais</u>.

IT IS FURTHER ORDERED that, in light of the fourteen (14) day stay of an order granting relief from the automatic bankruptcy stay under Fed. R. Bankr. P. 4001(a)(3), the Clerk of Court is directed to release $3,800,000.00 of the supersedeas funds on or after April 18, 2014.  The Clerk of Court is directed to release the funds by check made payable to The Feldman Morgado, P.A. Client Trust Account.  The check shall be sent by certified mail to or picked up in person by:

> Dale J. Morgado, Esq.
> FELDMAN MORGADO, P.A.
> 100 North Biscayne Blvd.
> 29th Floor, Suite 2902
> Miami, Florida 33132

---

[2] Docket #7 in No. 13-21179 (Bankr. E.D. Pa.), transferred to No. 14-1484 (E.D. Pa.); Docket #7 in No. 13-21180 (Bankr. E.D. Pa.), transferred to No. 14-1486 (E.D. Pa.); Docket #7 in No. 13-21178 (Bankr. E.D. Pa.), transferred to No. 14-1487 (E.D. Pa.).

Finally, IT IS ORDERED that the <u>Langlais</u> petitioners' counsel may file a renewed motion for attorneys' fees within twenty-one (21) days of the date of this Order.[3]

 BY THE COURT:


 <u>/s/ Mary A. McLaughlin</u>
 MARY A. McLAUGHLIN, J.

---

[3] As the Court noted in its Memorandum Opinion, in their January 30, 2014 motion for relief from the automatic stay, the <u>Langlais</u> petitioners specifically disclaimed any intent to pursue their entitlement to attorneys' fees at that time. Docket #7 at ¶ 30, in No. 13-21179 (Bankr. E.D. Pa.). In their March 11, 2014 combined motion, the petitioners state that they do not seek the release of the remaining $100,000 supersedeas funds securing the award of attorneys' fees, but they do seek leave to have that sum "determined if not released." Docket #56 at 11, in No. 11-5275 (E.D. Pa.). In concluding that the stay is annulled with respect to the <u>Langlais</u> proceeding, the Court does not at this time make any determination as to whether the remaining $100,000 supersedeas bond funds might be considered property of the debtors' estate in bankruptcy.